1  John M. Genga, Esq. (SB# 125522)
   Email: jgenga@gengalaw.com
2  Nicole Krasny Asch, Esq. (SB# 204409)
   Email: nasch@gengalaw.com
3  GENGA & ASSOCIATES, P.C.
   15260 Ventura Boulevard, Suite 1810
4  Sherman Oaks, California 91403
   Telephone: (818) 444-4580
5  Facsimile: (818) 444-4585

6  Attorneys for Defendants
   YARI FILM GROUP, LLC,
7  TRACE SLOBOTKIN and
   FREESTYLE RELEASING, LLC
8

9
                       UNITED STATES DISTRICT COURT
10
                      CENTRAL DISTRICT OF CALIFORNIA
11
                              WESTERN DIVISION
12

13

14

15 | KEVIN KAHN, an individual,         | Case No. CV07-5097 JFW (JCx)
16 |         Plaintiff,
17 |     vs.                            | **DISCOVERY MATTER**
18 | YARI FILM GROUP, LLC, a
   | California Limited Liability
19 | Company, TRACE SLOBOTKIN,
   | an individual, FREESTYLE
20 | RELEASING, LLC, a California       | **PROTECTIVE ORDER**
   | Limited Liability Company, and
21 | DOES 1 through 10,
22 |         Defendants.

The Court hereby Orders the following pursuant to the Stipulation of the parties:

1. This Protective Order shall be applicable to and govern only those documents listed in Paragraph 8 of this Order ("Confidential Documents"), produced during discovery in connection with the above-captioned action ("the Proceeding"). The Confidential Documents are claimed by one or more of the parties and/or third parties to contain private personal or confidential business, commercial, proprietary and/or financial information of a party or of third parties, the disclosure of which foreseeably could harm the interests of the Producing Party (also defined below in Paragraph 3). The parties desire to litigate this action without jeopardizing the personal or business interests of themselves or of third parties, and thus agree to handle the Confidential Documents as set forth herein.

2. All Confidential Documents are to be used and disclosed solely for the purposes of this Proceeding and in accordance with the provisions hereof.

3. Confidential Documents shall be produced to the discovering party ("Receiving Party"), including law firm personnel and/or document processing vendors assisting them (collectively "Counsel of Record"). The party producing the Confidential Documents ("Producing Party") shall mark said documents as "Confidential." Counsel of Record for the Receiving Party shall not use or disclose the Confidential Documents except to the following described groups of persons:

   a. The parties to this Proceeding, including, in the case of a corporate entity, any directors, officers, employees, representatives or agents directly involved in the prosecution or defense of the action;

   b. Outside and inside legal counsel and their respective personnel and document processing vendors for the Receiving Party who are, if other than Counsel of Record, directly involved in the prosecution or defense of this Proceeding;

        c.     Witnesses at deposition;

        d.     Outside experts and/or consultants retained by a party to assist in the prosecution or defense of this Proceeding;

        e.     The Court and court personnel; and

        f.     Court reporters and their respective stenographic and clerical employees.

4.     If a party in this Proceeding intends to submit or file any Confidential Document with the Court, that party shall, to the extent practicable, provide reasonable notice to the Producing Party prior to filing said Confidential Document(s).

5.     If the Receiving Party desires to use or disclose any of the Confidential Document(s) other than as provided herein, that party may challenge the designation by providing written notice to the Producing Party. If the parties cannot resolve the dispute informally, the Receiving Party may request the Court for relief from the designation of specific information. The Producing Party shall bear the burden to establish that the designation and the limitations on use and disclosure are appropriate. The parties' agreement to this Protective Order does not constitute agreement that the Confidential Documents are, in fact, confidential and shall have no bearing on such request for relief. During the pendency of any challenge or motion, the contested information shall be treated according to its designation.

6.     This Protective Order shall apply only to information introduced in discovery and does not apply to information obtained independently from third parties. This Protective Order has no effect upon and shall not apply to any party's use of its own confidential information for any purpose.

7.     The terms of this Protective Order may be amended or modified by written agreement of the parties or upon motion and order of the Court, shall survive the termination of this Proceeding, and shall be binding upon and inure to

3
PROTECTIVE ORDER

the benefit of the parties, their subsidiaries, affiliates, officers, agents, representatives, and employees, and their respective successors and assigns.

      8.    This Protective Order is applicable to the following documents produced by the parties during discovery:

| **TITLE/DESCRIPTION** | **BATES NUMBER** |
|---|---|
| **Confidential Financial Documents** | |
| 1. Slobotkin Fin. Figs: Trace Slobotkin document re his personal financial information for his work on the script of *Kickin' It Old Skool* | 11505 |
| 2. KIOS Lit: Document provided by Yari Film Group containing confidential corporate financial information re revenues and costs of *Kickin' It Old Skool* | 12314-12319 |
| **Third Party Confidential Proprietary Information** | |
| 3. Bua/Andors Special Rogs-part 1: attachment to the special interrogatories containing a copy of the confidential script of *The Rare Pair* written by a third party | 2322-2406 |
| 4. Bua/Andors Special Rogs-part 2: continuation of the attachment to the special interrogatories containing a copy of the confidential script of *The Rare Pair* | 2407-2424 |
| 5. Draft Screenplay: copy of the confidential script of *The Rare Pair* | 2961-3063 |
| 6. Copyright Regs, Delivery Logs of Submissions: copy of the confidential script of *The Rare Pair* and script notes | 3067-3179<br>3190-3191<br>3199 |

**Good cause having been demonstrated, based upon the foregoing and based upon the Stipulation of the parties submitted concurrently with this Protective Order,**

**IT IS SO ORDERED**.

DATED: March  13 , 2008                    _____/s/_____
                                                                  The Honorable Jacqueline Chooljian
                                                                  Magistrate Judge

Respectfully Presented By:

_____/s/_____
John M. Genga, Esq.
GENGA & ASSOCIATES, P.C.
Attorneys for Defendants
YARI FILM GROUP, LLC;
TRACE SLOBOTKIN; and
FREESTYLE RELEASING, LLC